**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIBEL OROZCO BAEZ; HENRRY
ANTONIO GONZALEZ OROZCO;
HECTOR FABIAN GONZALEZ
OROZCO,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70124

Agency Nos.    A208-596-370
A208-596-371
A208-596-372

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2020[**]
San Francisco, California

Before:  COLE,[***] GOULD, and MURGUIA, Circuit Judges.

Maribel Orozco Baez ("Orozco"), a native and citizen of Mexico, and her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable R. Guy Cole, Jr., Chief Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

sons petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") adverse credibility finding and denial of their post-REAL ID Act applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     The IJ found Orozco not credible because her testimony was inconsistent with her husband's with respect to events central to her claims for relief, particularly "critical details of [her husband's] alleged beatings by criminals, including whether and where the beatings took place and whether [Orozco] witnessed [them]." For example, the IJ identified discrepancies in testimony regarding a beating that allegedly occurred in April 2015, with Orozco testifying that she witnessed the beating happen near the carport of her home and her husband testifying that the beating did not happen at the property. The IJ also found Orozco's husband's testimony "vague and evasive," "nonresponsive," "internally inconsistent," "lack[ing] detail," and punctuated with several "long pauses." *See Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) (applying REAL ID Act, and concluding record supported the agency's credibility determination based on petitioner's evasive testimony and non-responsive demeanor). Substantial evidence supports the IJ's adverse credibility determination, which the BIA affirmed. In finding Orozco not credible, the IJ offered "specific cogent" reasons and based his determination on the "totality of circumstances." 8 U.S.C. § 1158

2

("Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency of [the applicant's] statements with other evidence of record . . . ."); *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citations omitted).

Moreover, Orozco did not present any corroborating evidence that would independently satisfy her evidentiary burden or rehabilitate her credibility. Copies of her birth certificate, passport, voting credentials, marriage certificate, and documentation of her husband's service in the Mexican military only substantiate undisputed facts.

Accordingly, Orozco failed to establish that "any reasonable adjudicator would be compelled" to disagree with the IJ's adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B); *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011).

2.      Orozco contends that the IJ failed to provide her an opportunity to explain the inconsistencies. *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) ("Aliens are afforded the opportunity to explain inconsistencies within their own personal testimony because the true story may get lost in translation." (citations omitted)). In fact, the IJ granted Orozco an opportunity to file a brief explaining the inconsistencies, which she did on September 15, 2016. A reasonable opportunity to explain any perceived inconsistencies that are the bases of a denial of asylum may take the form of supplemental briefing. *See Mendoza Manimbao v.*

*Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003). Furthermore, in her brief Orozco failed to offer a reasonable and plausible explanation for the apparent inconsistencies and argued only that her husband's testimony should be given limited weight because of his "lack of education and sophistication."

3.      Because Orozco was deemed not credible, she was not eligible for asylum. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). And because she was not eligible for asylum, Orozco failed to meet the more stringent standard for withholding of removal. *See Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation." (citation omitted)).

**PETITION DENIED.**